

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

September 16, 2021

David R. Bungard
Assistant Federal Public Defender
300 Virginia St. East, Room 3400
Charleston, WV 25301

FILED
SEP 2 2 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

      Re:  United States v. Christopher Lee Foster
           Criminal No. 2:21-cr-00095 (USDC SDWV)

Dear Mr. Bungard:

    This will confirm our conversations with regard to your client, Christopher Lee Foster (hereinafter "Mr. Foster"). As a result of these conversations, it is agreed by and between the United States and Mr. Foster as follows:

    1. **PENDING CHARGES.** Mr. Foster is charged in a three-count superseding indictment as follows:

    (a)  Count One charges Mr. Foster with a violation of 18 U.S.C. § 2422(b) (attempted enticement of a minor);

    (b)  Count Two charges Mr. Foster with a violation of 18 U.S.C. § 2252A(a)(5)(B) (possession of prepubescent child pornography); and

    (c)  Count Three charges Mr. Foster with a violation of 18 U.S.C. § 2252A(a)(2) (receipt and attempted receipt of child pornography).

    2. **RESOLUTION OF CHARGES.** Mr. Foster will plead guilty to Count One of said superseding indictment, which charges him with a violation of 18 U.S.C. § 2422(b). Following final disposition,

_____
Defendant's Initials

the United States will move the Court to dismiss Counts Two and Three in Criminal No. 2:21-cr-00095 as to Mr. Foster.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Foster will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of at least 10 years and up to life;[1]

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Foster has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Foster agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **ABANDONMENT OF PROPERTY.** Mr. Foster hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia or Virginia any and all right, title

---

[1] If the Court accepts the plea agreement, as set forth in Paragraph 11 below, the maximum is 292 months imprisonment.

_____  
Defendant's Initials

and interest he may have in certain items seized from him or his residence on May 4, 2021, that is, two (2) SanDisk microSD cards; one (1) Onn microSD card; one (1) Samsung Galaxy A11 cell phone, IMEI 352579240210507; and one (1) Samsung Galaxy S7 Edge IMEI 352330081458809. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Foster authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Foster agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Foster further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Foster authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Foster shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

_____
Defendant's Initials

Mr. Foster agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION.** Mr. Foster will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Foster may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Foster, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Foster for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Foster for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Foster stipulate and agree that the facts comprising the offense of conviction and some, but not all,

_____
Defendant's Initials

relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Foster agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the superseding indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Foster or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Foster knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Foster understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11.  **RULE 11(c)(1)(C) AGREEMENT.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Foster agree that a sentence of imprisonment of at least 235 months in prison and no more than 292 months in prison, to be followed by a term of supervised release left to the discretion of the Court, is the appropriate disposition of this case. Mr. Foster understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the Court refuses to accept this plea agreement, Mr. Foster has the right to void this agreement and may withdraw his guilty plea.

_____
Defendant's Initials

12. **AGREEMENT ON SENTENCING GUIDELINES.** The United States and Mr. Foster reserve the right to address whether the cross-reference under §2G1.3(c)(1) is applicable. Based on the foregoing Stipulation of Facts, the United States and Mr. Foster agree that the following provisions of the United States Sentencing Guidelines would apply to this case, depending on the Court's determination as to the cross-reference.

<u>USSG §2G1.3</u>

| | |
|---|---|
| Base Offense Level | 28 |
| Misrepresentation of Identity | + 2 |
| Use of Computer | + 2 |
| Pattern of Conduct (§4B1.5(b)) | + 5 |
| Adjusted Offense Level | 37 |

<u>USSG §2G2.2 (via §2G1.3(c)(1))</u>

| | |
|---|---|
| Base Offense Level | 32 |
| Minor Between Ages 12 and 16 | + 2 |
| Use of Computer/Misrepresentation of Identity | + 2 |
| Pattern of Conduct (§4B1.5(b)) | + 5 |
| Adjusted Offense Level | 41 |

The United States and Mr. Foster acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines

Defendant's Initials

set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

   13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Foster and the United States both knowingly and voluntarily waive the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that both parties may appeal a sentence of imprisonment that deviates from the sentencing range agreed upon pursuant to Fed. R. Crim. P. 11(c)(1)(C) as set forth in Paragraph 11 above. Mr. Foster also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 2422(b)) is unconstitutional, and (2) Mr. Foster's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. § 2422(b).

   Mr. Foster also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

   The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

   14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Foster knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

_____<br>Defendant's Initials

15. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Foster understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Foster understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Foster further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Foster understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Foster;

(f) Advise the Court concerning the nature and extent of Mr. Foster's cooperation; and

_____
Defendant's Initials

David R. Bungard  
September 16, 2021                      Re: Christopher Lee Foster  
Page 9

    (g)    Address the Court regarding the issue of Mr. Foster's acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Foster violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Foster in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Foster in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                             LISA G. JOHNSTON  
                             Acting United States Attorney

By: *[signature]*  
                             Jennifer Rada Herrald  
                             Assistant United States Attorney

_____  
Defendant's Initials *[initialed: CLF]*

David R. Bungard
September 16, 2021				Re: Christopher Lee Foster
Page 10

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____			_9.16.2021_____
Christopher Lee Foster				Date Signed
Defendant

_____			_9-16-21_____
David R. Bungard				Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00095

CHRISTOPHER LEE FOSTER

## STIPULATION OF FACTS

The United States and CHRISTOPHER LEE FOSTER (hereinafter "defendant," "I," and "my,") stipulate and agree that the facts comprising the offense of conviction (Count One in the superseding indictment) and some, but not all, relevant conduct include the following:[1]

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On or about March 2, 2021, and from at or near my residence in Oak Hill, Fayette County, West Virginia, I contacted a female user of the Kik Messenger service, which relies upon the Internet and cellular networks. During the initial conversation, I was informed that the user was purportedly a 13-year-old girl located in New Jersey.[2] Despite being 36 years old at the time, I advised the girl that I was only 25. During the conversation, I told the girl that she was "gorgeous" with a "sexy body" and that I had "inappropriate thoughts" when I saw her picture.

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to CHRISTOPHER LEE FOSTER and to the United States concerning his involvement and the involvement of others in the charges set forth in the Superseding Indictment.

[2] The purported minor was actually an undercover law enforcement officer.

PLEA AGREEMENT EXHIBIT A

1

After a few days, I spoke with the girl again over Kik. I again confirmed that she was only 13 years old and told her I was fine with her age. During that conversation, I asked the minor if she wanted to be my girlfriend, telling her I could come to see her and we could "kiss and cuddle and make love." I also asked the girl about her sexual experience, including whether she ever masturbated or watched pornography.

Over the next several weeks, I continued to engage in sexual conversations with the girl. These conversations included me explaining to her how various sexual activities worked (as she indicated she had no prior sexual experience). I also sent her several pictures of what I stated was my erect penis, since she stated she had never seen a penis before. I asked her if she was interested in engaging in sexual intercourse and reassured her that it would only hurt a little at first. I also explained to her that she did not need to worry about getting pregnant because that would not happen so long as I pulled out before ejaculation.

In addition to engaging in conversations explaining sexual activity and telling her how good it would feel to engage in sexual intercourse together, I sent the minor numerous images and videos depicting pornography, including oral sex, sexual intercourse, and bestiality. I sent her these images and videos to show her how various sexual activity worked and asking her to try those activities with me.

During these conversations I also asked the minor to send me nude photographs of herself on multiple occasions, telling her that such images would help me to masturbate. I also offered to pay the girl for such photographs. When she did not send me these photographs, I told her that I would go have sex with another girl instead.

These conversations included discussions about me going to see the girl in New Jersey to engage in sexual activity. The conversations continued during March and April 2021.

Additionally, during approximately 2015 and 2016, on at least two separate occasions, I either (1) caused a minor female to produce sexually explicit images of herself, including lascivious exhibition of the genitals, that were subsequently transmitted using a means and facility of interstate commerce or (2) produced visual depictions of the same minor female engaged in sexually explicit conduct, including masturbation, using my cell phone.

Stipulated and agreed to:

_____    9-16-2021
CHRISTOPHER LEE FOSTER               Date
Defendant

_____    9-16-21
DAVID R. BUNGARD                     Date
Counsel for Defendant

_____    9-17-21
JENNIFER RADA HERRALD                Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

3