# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.                                          Criminal No. 2:21-cr-00095

**CHRISTOPHER LEE FOSTER**

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

On January 7, 2022, the Fourth Circuit released a reported decision in the matter of *United States v. Campbell*, ___ F.4d ___, Appeal No. 20-4256 (2022) which decided the question of whether the Sentencing Commission's commentary can be considered as controlling in those instances where the language is inconsistent with the text of a guideline.[1] The Fourth Circuit has now joined with the DC, Sixth, and Third Circuits, which have all held that inchoate offenses listed within the commentary to U.S.S.G. § 4B1.2 are not considered to be "controlled substance offenses" under U.S.S.G. § 4B1.2(b).[2]

The Fourth Circuit began its analysis by noting that the text of a guideline is considered to take precedence and that the text is to be read in "its plain meaning." *Id.* at 8; citing *United States v. Strieper*, 666 F.3d 288, 294 (4th Cir. 2012). The U.S.S.G. § 4B1.2(b) detailed definition for "controlled substance offense" did not

---

[1] A copy of the *Campbell* decision has been attached as Exhibit A.
[2] *See United States v. Winstead*, 890 F.3d 1082, 1090 (D.C. Cir. 2018); *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019); *United States v. Nasir*, 982 F.3d 144, 156-60 (3d Cir. 2020).

mention any inchoate offenses. The Court noted that the Supreme Court has reiterated that defining the same key term in different ways, such as that one definition includes a category that the other definition does not, renders those two definitions "inconsistent." *Id.* at 9; citing *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 168-69 (2007). Using that rule, the Court found that the text of U.S.S.G. § 4B1.2(b) and that of the commentary are not just inconsistent, but plainly so. *Id.* To allow commentary to become binding authority would unfairly allow the Sentencing Commission to act unilaterally in drafting such comments without any Congressional oversight of the process. *Id.* at 13.

This Court should rely on the *Campbell* decision as the basis for not imposing the U.S.S.G. § 2G3.1(c)(1) cross reference in Mr. Foster's case. (PSR ¶ 36). Application Note 5(A) specifically states that the cross reference is to be "construed broadly" and includes all instances where the conduct includes the "persuading," "inducing" and "enticing" of a minor to produce sexually explicit materials. This commentary clearly expands the scope of prohibited conduct beyond the four categories expressly stated within the text of the cross-reference. Where Mr. Foster did not cause, transport, permit, or offer or seek by notice or advertisement to have the perceived minor produce a sexually explicit image or video of herself, the U.S.S.G. § 2G3.1(c)(1) cross-reference cannot be applied, and his final base offense level should be scored at 34 (37-3) once credit has been given for acceptance of responsibility.

Respectfully submitted this 10th day of January, 2022.

**CHRISTOPHER LEE FOSTER**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org